UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
CRAIG BARFIELD,                    )
                                   )   No. C06-259RSL
                    Petitioner,    )
          v.                       )
                                   )   ORDER DENYING CERTIFICATE
SANDRA CARTER,                     )   OF APPEALABILITY
                                   )
                    Respondent.    )
_____)

This matter comes before the Court on petitioner's "Motion for Certificate of Appealability" (Dkt. #28). Under the amended version of 28 U.S.C. § 2253(c), a petitioner may not appeal the denial of a habeas corpus petition unless the district court or the Ninth Circuit issues a certificate of appealability identifying the particular issues that may be pursued on appeal. United States v. Asrar, 116 F.3d 1268 (9th Cir. 1997).

To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right. "[O]bviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In contrast, where a petition is dismissed on procedural grounds, the Court must determine whether "jurists of reason" would debate: (1) whether the petition states a valid claim of the denial of a

constitutional right; and (2) whether the district court's procedural ruling was correct. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id.

Having reviewed the record in this case, including the Report and Recommendation of the Honorable Monica J. Benton, the Court finds that its rulings should not be the subject of an appeal. Petitioner set forth five grounds for relief in his federal habeas petition. See Dkt. #4 at 13-15; Dkt. #20 at 4. In his first three grounds for relief, plaintiff contested: (1) the lack of African-Americans on his jury; (2) his trial attorneys' failure to investigate his claimed alibi witness "Stanley"; and (3) the State's failure to disclose the destruction of evidence under Brady v. Maryland, 373 U.S. 82 (1963). The Court's findings regarding plaintiff's first three claims for relief are not "debatable or wrong" and should not be the subject of an appeal.

In petitioner's fourth ground for relief he claims that his trial attorney failed to acknowledge information in his affidavit, and in his fifth claim for relief he claims his appellate attorney failed to make arguments regarding the DNA kit used in his case. The Court found that petitioner failed to properly exhaust these claims and petitioner did not demonstrate that claims four and five are eligible for federal habeas review because they are procedurally barred. See Dkt. #20 at 6-10. The Court finds that its procedural rulings on petitioner's fourth and fifth claims are not debatable among reasonable jurists and should not be the subject of an appeal.

For all of the foregoing reasons, petitioner's request for a certificate of appealability (Dkt. #28) is DENIED.

DATED this 30th day of April, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING CERTIFICATE
OF APPEALABILITY                    -2-